**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6745**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KENNY CARTER, a/k/a Blaze,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00351-JFA-1; 3:22-cv-00635-JFA)

_____

Submitted:  September 30, 2025                    Decided:  October 21, 2025

_____

Before GREGORY, AGEE, and RUSHING, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Michael Kenny Carter, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kenny Carter appeals the district court's order dismissing in part and denying in part for lack of jurisdiction his motion for reconsideration of the court's order denying relief on his 28 U.S.C. § 2255 motion.  Carter has also filed a motion for bail or release pending appeal.  Our review of the record confirms that the district court properly construed Carter's motion as a mixed true Fed. R. Civ. P. 60(b) motion/successive § 2255 motion.  We dismiss in part, affirm in part,[*] and deny as moot Carter's motion for bail or release pending appeal.

When a § 2255 movant files a mixed Rule 60(b) motion and successive § 2255 motion, the district court should afford the movant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive motion.  *McRae*, 793 F.3d at 394, 400; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated on other grounds by McRae*, 793 F.3d 392.  Although the district court did not afford Carter that opportunity, we need not remand this case considering the district court's conclusion that Carter's Rule 60(b) claims were futile because they were not made within a reasonable time as required by Fed. R. Civ. P. 60(c).

The portion of the order denying the true Rule 60(b) claims is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  *See generally McRae*, 793 F.3d at 400 & n.7.  A certificate of appealability will not issue

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion.  *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2

absent "a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  We have independently reviewed the record and conclude that Carter has not made the requisite showing.  We deny a certificate of appealability and dismiss the appeal in part as to the true Rule 60(b) claims.

Our review of the record also confirms that the district court properly determined that it lacked jurisdiction over Carter's successive § 2255 claims because Carter failed to obtain prefiling authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400.  We affirm in part as to the district court's dismissal of the successive and unauthorized § 2255 claims.

Consistent with our decision in *Winestock*, 340 F.3d at 208, we construe Carter's notice of appeal and informal brief as an application to file a second or successive § 2255 motion.  Upon review, we conclude that Carter's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*